**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

TRANS-SYSTEM, INC., individually and
as subrogee of Kenneith Casey; SYSTEM
TRANSPORT, INC., individually and as
subrogee of Kenneith Casey; and LEXINGTON
INSURANCE COMPANY, as subrogee
of System Transport, Inc. and
Trans-System, Inc.

          Plaintiffs,

v.

REKEM YISRAEL; JULIO ALONSO
CRESPO; MASTER P TRUCKING CORP.
and IMPROVE SOIL TRANSPORT, INC.

          Defendants.

## COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs, Trans-System, Inc., individually and as subrogee of Kenneith Casey; System Transport, Inc., individually and as subrogee of Kenneith Casey; and Lexington Insurance Company, as subrogee of Trans-System, Inc. and System Transport, Inc., by and through their undersigned counsel, and for their Complaint and Jury Demand against Defendants, state and allege as follows:

### I.    PARTIES

1. Plaintiff Trans-System, Inc. is an Indiana corporation with its principal place of business located in Cheney, Washington.

2. Plaintiff System Transport, Inc. is a Washington corporation with its principal place of business located in Cheney, Washington.

3. Trans-System, Inc. and System Transport, Inc. are related entities and hereinafter collectively referred to as ("Trans-System").

4. Plaintiff Lexington Insurance Company ("Lexington") is a Delaware corporation with its principal place of business located in the State of Massachusetts. Lexington is a surplus lines carrier providing insurance in Colorado on a non-admitted basis. For all relevant timeframes set forth herein, Lexington provided property insurance to Trans-System, insuring, among other property, a 2019 Kenworth Model T680 tractor and a 2016 Western Elite flatbed trailer, which are the subject of this action.

5. Defendant Rekem Yisrael ("Yisrael") is a citizen of and domiciled in Miami Gardens, Florida.

6. Defendant Julio Alonso Crespo ("Crespo") is a citizen of and domiciled in Miami, Florida.

7. Defendant Master P Trucking Corp. ("Master P") is a Florida corporation with its principal place of business located in Miami, Florida.

8. Defendant Improve Soil Transport, Inc. ("Improve Soil") is a Florida corporation with its principal place of business located in Lehigh Acres, Florida.

## II.  JURISDICTION AND VENUE

9. This Complaint arises out of damage to a tractor-trailer that occurred on January 23, 2019 in Prowers County, Colorado.

10. This Court has subject matter jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1332 because Plaintiffs are of diverse citizenship from Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this lawsuit took place in this District.

### III. FACTUAL BACKGROUND

12. On January 23, 2019, Trans-System employee Kenneith Casey ("Casey") was traveling southbound in a 2019 Kenworth Model T680 tractor, towing a 2016 Western Elite Flatbed trailer (hereinafter, collectively the "Trans-System Tractor-Trailer"), on Highway 287 near mile point 55 in Prowers County, Colorado.

13. At the same time, Yisrael was traveling northbound in a 1997 Freightliner Model USF-1E tractor, towing a Utility brand trailer, on Highway 287 near mile point 55 in Prowers County, Colorado.

14. While traveling northbound on Highway 287, Yisrael came upon a vehicle making a left turn.

15. Yisrael failed to safely slow down and/or stop his tractor, causing the trailer attached to the tractor to jack-knife across the road and into the southbound lane, colliding with the Trans-System Tractor-Trailer and causing damage (the "Collision").

16. Casey was injured in the Collision.

17. Yisrael was issued citation number 4953761 for careless driving causing bodily injury (C.R.S. § 42-4-1402(2)(b)) as a result of the Collision.

18. At the time of the Collision, Yisrael was acting within the scope of his employment for Master P and/or Improve Soil.

19. At the time of the Collision, the tractor driven by Yisrael was owned by Crespo.

20. As a result of the Collision, Trans-System submitted an insurance claim to Lexington seeking reimbursement of damages to the Trans-System Tractor-Trailer and towing costs.

21. Such damages totalled $156,934.34.

22. Pursuant to its policy of insurance, Lexington was obligated to and did issue payments to or on behalf of Trans-System totalling $106,934.34.

23. As a result of its payments, Lexington has become subrogated, to the extent of its payments, to Trans-System's rights of recovery against Defendants.

24. Trans-System also incurred a $50,000 deductible in relation to its claim submitted to Lexington as a result of the Collision.

25. Further, Trans-System was self-insured for workers compensation at the time of the Collision.

26. As a result of the Collision, Trans-System issued payments totalling $62,497.90 to or on behalf of Casey for various medical expenses and disability.

27. As a result of its payments, Trans-System has become subrogated, to the extent of its payments, to Casey's rights of recovery against Defendants.

IV. **COUNT I – NEGLIGENCE AND/OR GROSS NEGLIGENCE AGAINST DEFENDANT YISRAEL**

28. Plaintiffs adopt and incorporate by reference all preceding paragraphs as though fully set forth herein.

29. At all times relevant herein, Yisrael owed a duty to others traveling on the roadways to use reasonable care while operating the subject tractor-trailer, including a duty to use reasonable care so as to avoid damage to others' property and to avoid injuring other persons.

30. Yisreal breached these duties through the following acts and/or omissions constituting negligence and/or gross negligence, including but not limited to:

    a. Failing to use reasonable care in the operation of the tractor-trailer;

    b. Failing to travel at a safe rate of speed;

    c. Failing to maintain a safe distance from other vehicles;

    d. Failing to pay attention while driving

    e. Failing to timely apply the brakes;

    f. Failing to take proper evasive action to avoid the Collision;

    g. Failing to travel at a safe rate of speed in hazardous weather conditions and failure to take adequate precautions in hazardous weather conditions;

    h. Operating the tractor-trailer in a manner that caused the trailer to cross into the southbound lane;

    i. Operating the tractor-trailer in a reckless manner and/or with a conscious disregard for the risk of harm;

    j. Violating of applicable statutes and/or regulations, including but not limited to C.R.S. § 42-4-1402, resulting in negligence per se;

    k. Violating applicable industry standards; and

    l. Other acts and/or omissions which may become known during the course of discovery.

31. As a direct and proximate result of Yisrael's negligence and/or gross negligence, the Collision occurred, causing the damages and injuries outlined above.

### V.   COUNT III – RESPONDEAT SUPERIOR/VICARIOUS LIABILITY AGAINST DEFENDANTS MASTER P, IMPROVE SOIL AND CRESPO

32. Plaintiffs adopt and incorporate by reference all preceding paragraphs as though fully set forth herein.

33. Without waiving the forgoing, additionally, in conjunction with and/or alternatively, Defendants Master P, Improve Soil and/or Crespo are responsible for Plaintiffs' aforementioned damages under the doctrines of *respondeat superior* and/or vicarious liability as Yisrael was acting within the course and scope of his employment for such entities/individuals at the time of the Collision and/or because such entities/individuals entrusted control of the subject tractor to Yisrael prior to the Collision.

### VI.   COUNT IV – NEGLIGENCE AGAINST DEFENDANTS MASTER P, IMPROVE SOIL AND CRESPO

34. Plaintiffs adopt and incorporate by reference all preceding paragraphs as though fully set forth herein.

35. At all times relevant herein, Defendants Master P, Improve Soil and Crespo owed third-parties a duty to exercise reasonable care, including a duty to use reasonable care so as to avoid damage to others' property and to avoid injuring other persons.

36. Defendants Master P, Improve Soil and Crespo breached these duties through the following acts and/or omissions constituting negligence, including but not limited to:

   a. Failing to exercise reasonable care in the entrustment of control of the subject tractor-trailer to third-parties or employees, specifically Yisrael;

   b. Failing to properly train Yisrael regarding the operation of the subject tractor-trailer;

   c. Failing to properly monitor Yisrael's use of the tractor-trailer;

    d. Failing to implement adequate safety management controls in relation to the use of the subject tractor-trailer;

    e. Violating applicable industry standards, certifications, laws and/or regulations relating to the safe operation of a commercial motor vehicle, including but not limited to the United States Department of Transportation's ("USDOT") Federal Motor Carrier Safety Administration ("FMCSA") regulations, including but not limited to 49 CFR, Subchapter B (Parts 350-399), and certifications submitted to USDOT/FMCSA; and

    f. Other acts and/or omissions which may become known during the course of discovery.

37. As a direct and proximate result of Defendants Master P's, Improve Soil's and Crespo's negligence, the Collision occurred, causing the damages and injuries outlined above.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court award them a judgment against Defendant in an amount to be proven at trial, together with costs, attorneys' fees, expenses, pre- and post-judgment interest and any other relief this Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY FOR ANY AND ALL ISSUES TRIABLE BY JURY.**

Respectfully submitted January 22, 2021.

*/s/ Glenn W. Mattar*
Glenn W. Mattar #48074 (Colorado Bar No.)
Paul B. Hines #51025 (Colorado Bar No.)
DENENBERG TUFFLEY, PLLC
28411 Northwestern Hwy., Suite 600
Southfield, MI 48034
Telephone:     (248) 549-3900
Fax:               (248) 593-5808
Email:    gmattar@dt-law.com, phines@dt-law.com
*Attorneys for Plaintiffs*
